T.C. Memo. 2019-124

UNITED STATES TAX COURT

WILLIAM ELIAS ROSENBERG, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23628-17.                    Filed September 19, 2019.

William Elias Rosenberg, pro se.

Caitlin A. Homewood, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, Judge:  In a notice of deficiency dated August 7, 2017, respondent

determined a deficiency in petitioner's Federal income tax of $4,081 for 2015.[1]

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue
Code of 1986, as amended, in effect for the year at issue.  Rule references are to
the Tax Court Rules of Practice and Procedure.  All monetary amounts are
rounded to the nearest dollar.

[*2] The issues for decision are whether petitioner's withdrawal from his individual retirement account (IRA) is (1) included in gross income and (2) subject to the 10% additional tax on early distributions from qualified retirement plans imposed by section 72(t).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in California when he timely filed his petition.

On October 29, 2014, a Judgment and Property Order Attachment to Judgment (Property Order) was entered that dissolved petitioner's marriage to his former spouse. It provided that his former spouse must pay him the sum of $10,000 to be "[p]aid from the proceeds of * * * [his former spouse's] retirement account as reimbursement to petitioner for his payment to * * * [her] of liquidated retirement proceeds during marriage."

In 2015 petitioner's former spouse transferred retirement funds to him. Instead of withdrawing the funds from her retirement account at Merrill Lynch and making a cash payment to him, she arranged for those funds to be transferred from her retirement account to an IRA that petitioner opened at Merrill Lynch. Within seven days of this transfer he withdrew the funds and closed the account. In 2016

**[*3]** Merrill Lynch issued a Form 1099-R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., to petitioner reflecting a withdrawal of $9,875 ($10,000 reduced by a $125 withdrawal fee). Petitioner also withdrew $245 from an IRA he held at Fidelity Investments (Fidelity) and received a Form 1099-R in 2016 from Fidelity reflecting this withdrawal. He had not yet turned 59-1/2 at the time of the withdrawals.

On his 2015 Form 1040, U.S. Individual Income Tax Return, petitioner reported the Fidelity withdrawal as income but not the Merrill Lynch withdrawal. He did not report or pay the 10% additional tax for early distributions for either withdrawal. Respondent's notice of deficiency added the Merrill Lynch withdrawal to petitioner's gross income, determined the section 72(t) 10% additional tax for both withdrawals, and made corresponding computational adjustments.

OPINION

I. <u>Burden of Proof</u>

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). In certain circumstances the burden of proof on factual issues may shift to the Commissioner. <u>See</u> sec. 7491(a); Rule 142(a)(2). The record establishes, and

[*4] petitioner concedes, that he received withdrawals from retirement accounts he held at Fidelity and Merrill Lynch, and he does not dispute the amounts reported on the Forms 1099-R. He also does not dispute respondent's determination as to the Fidelity withdrawal. Rather, he disputes the characterization of the Merrill Lynch withdrawal as income. Because petitioner raises only a legal issue, we decide whether he is liable for the deficiency without regard to the burden of proof.

II. Analysis

Gross income generally includes distributions from an IRA under the provisions of section 72. Sec. 408(d); see Sears v. Commissioner, T.C. Memo. 2010-146. Section 72(t)(1) imposes a 10% additional tax on early distributions from a qualified retirement plan, including an IRA, subject to certain exceptions in section 72(t)(2). See sec. 4974(c). The statutory scheme expressly addresses transfers as part of property settlements incident to divorce or separation, providing an exception for a distribution made to an alternative payee pursuant to a qualified domestic relations order. Sec. 72(t)(2)(C). Petitioner's withdrawal does not fit that exception. See, e.g., Hartley v. Commissioner, T.C. Memo. 2012-311.

**[*5]** Petitioner does not argue that the Merrill Lynch withdrawal is not income or that any statutory exception in section 72(t)(2) applies; he argues rather that the Court should (1) disregard entirely the Merrill Lynch account and the intermediate steps of the transfers from his former spouse's retirement account to his IRA and his immediate withdrawal from that account and (2) treat the transaction instead in substance as a payment of cash from his former spouse to him as prescribed by the Property Order. He reasons that his former spouse interposed the intermediate steps over his objection, and he did not think the temporary account would convert his property settlement into a retirement distribution includable in his gross income or subject to the 10% additional tax under section 72(t)(1).[2] Petitioner credibly testified regarding the intent of the Property Order, but his understanding that his former spouse would withdraw the funds from her retirement account and transfer them directly to him cannot overcome the fact that the funds were transferred from her retirement account to his and he then withdrew them. We will not use common law doctrines to fashion an equitable exception to the statutory scheme in section 72. See Summers v. Commissioner, T.C. Memo.

---

[2] Petitioner did not argue, nor does the evidence support our concluding, that his former spouse withdrew the funds from her retirement account in a taxable transaction and then contributed these after-tax funds into his IRA; we therefore will not consider the tax treatment of this hypothetical alternative.

**[*6]** 2017-125, at *8 (upholding a 10% additional tax on a distribution in connection with a property settlement and observing that "we are not at liberty to add equitable exceptions to the statutory scheme that Congress enacted"). We therefore sustain respondent's determination that the Merrill Lynch withdrawal is includable in petitioner's gross income and subject to the 10% additional tax.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.